UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

JAMES GARNER,

    Plaintiff,

v.      CAUSE NO.: 2:21-CV-250-TLS-APR

LAKE COUNTY TREASURER PEGGY
KATONA, et al.,

    Defendants.

**OPINION AND ORDER**

This matter is before the Court on (1) Defendant Lake County Auditor's Rule 12(b)(1) Motion to Dismiss Complaint for Lack of Subject Matter Jurisdiction [ECF No. 25]; (2) Defendant Lake County Treasurer's Rule 12(b)(1) Motion to Dismiss Complaint for Lack of Subject Matter Jurisdiction [ECF No. 28]; and (3) a Motion to Dismiss for Failure to State a Claim and Lack of Subject Matter Jurisdiction [ECF No. 30], filed by Defendants Deedgrabber Tax Lien LLC Worker Richard Dawson, Orgen Labowski LLC Worker Richard Dawson, Residential Note Funding LLC Worker Richard Dawson, Deedgrabber Tax Lien LLC Worker Steven S. Sevald, and Attorney Richard J. Dawson. Finding that the Court lacks subject matter jurisdiction over the Plaintiff's claims, the Court grants the motions.

**LEGAL STANDARD**

Pursuant to Federal Rule of Civil Procedure 12(b)(1), a court may dismiss a claim for lack of subject matter jurisdiction. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443 (7th Cir. 2009); Fed. R. Civ. P. 12(b)(1). In considering a motion to dismiss for lack of subject matter jurisdiction, the "district court must accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff." *St. John's United Church of Christ v.*

*City of Chicago*, 502 F.3d 616, 625 (7th Cir. 2007) (quoting *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999)). In addition, "[t]he district court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Id.* (quoting *Long*, 182 F.3d at 554). The burden of proof to demonstrate subject matter jurisdiction is on the party asserting jurisdiction. *See Lee v. City of Chicago*, 330 F.3d 456, 468 (7th Cir. 2003).

## PROCEDURAL AND FACTUAL BACKGROUND

The tax sale certificate for the subject real estate parcel located at 4 Detroit Street, Hammond, Indiana, was sold at Lake County's annual tax sale held in September 2019. ECF No. 26-1. After all tax sale noticing was issued to the owner of record and any other persons with a substantial interest of public record and the parcel was not timely redeemed, the tax sale buyer filed a Verified Petition for Issuance of Tax Deed with the state court in a case styled *Residential Note Funding, LLC v. Correct Knowledge is Power Church of Simplicity=Genius, et al.*, Cause No. 45C01-2011-TP-001212. ECF No. 26-2. The Plaintiff James Garner appeared in that state court tax deed litigation as the alleged president of the parcel owner/church and filed a Written Objection to the Verified Petition for Issuance of Tax Deed. ECF No. 26-3.

At a bench trial in the Lake County, Indiana, Circuit Court on July 15, 2021, the state court overruled the Plaintiff's written objection and granted the tax sale buyer's petition for tax deed. ECF No. 26-4. The same date, the Plaintiff filed a motion to reconsider. ECF No. 26-5. On August 12, 2021, the court heard and denied the motion. ECF No. 26-6. On August 13, 2021, the state court issued an Order directing the auditor of Lake County, Indiana, to issue a tax deed to the tax sale buyer. ECF No. 26-7. The Plaintiff appeared at and participated in the bench trial and all other pre- and post-trial hearings before the state court. *Id.* There is no record before the Court

of the Plaintiff appealing the state court's final, appealable orders of August 12, 2021, and August 13, 2021.

Rather, the Plaintiff, proceeding without counsel, filed his Complaint [ECF No. 1] in this Court on August 12, 2021. The Plaintiff alleges that the county tax sale and tax deed petition bench trial in the state court were "unreasonable" and "unjust" and that the Defendants conspired to violate his constitutional rights by and through the state court tax sale process.

## ANALYSIS

In the Motions to Dismiss, the Defendants argue that this Court is without subject matter jurisdiction because the allegations of the Plaintiff's Complaint arise from Indiana state property tax laws and the Indiana Tax Court has exclusive jurisdiction over cases arising under Indiana tax laws. Although the Plaintiff filed a response brief, he has not identified any basis for this Court to exercise subject matter jurisdiction over this case.

As an initial matter, it is unclear whether the Plaintiff has standing to bring this lawsuit. Federal courts are only permitted to decide legal questions that occur in the context of an actual case or controversy. *Alvarez v. Smith*, 558 U.S. 87, 92 (2009) (citing U.S. Const., Art. III, § 2). Part of this principle is the concept of standing, which requires that "(1) the plaintiff suffered a concrete and particularized injury in fact; (2) the injury is fairly traceable to the challenged conduct; and (3) the injury is likely to be redressed by a favorable judicial decision." *Spuhler v. State Collection Serv., Inc.*, 983 F.3d 282, 285 (7th Cir. 2020) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992)). The Complaint alleges that the real estate at issue was acquired by the Church. The Plaintiff is not a party to the state court tax case identified in the Complaint, Case Number 45C01-2011-TP-001212. The Plaintiff has not alleged any facts to show that he

has a "personal stake" in the outcome necessary to establish standing. *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2203 (2021).

Rather, the claims, if any, appear to belong to the Church, but the Church is not a named plaintiff. Moreover, an organization, such as a church, cannot proceed without counsel. *See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–02 (1993); *Strong Delivery Ministry Ass'n v. Bd. of Appeals of Cook Cty.*, 543 F.2d 32, 33–34 (7th Cir. 1976). Thus, even if the Plaintiff were to amend the complaint to name the church, the Plaintiff cannot act as counsel on behalf of the church. Regardless, an amendment would be futile because the Court does not have subject matter jurisdiction over the Plaintiff's claims as set forth below.

The federal district courts are courts of limited jurisdiction. *Hay v. Ind. State Bd. of Tax Comm'rs*, 312 F.3d 876, 878 (7th Cir. 2002). Although the Plaintiff alleges violations of his constitutional rights under the First and Fourth Amendments to the United States Constitution, he does not allege any facts to support such claims. The Plaintiff's claims all arise from Indiana property tax laws, as the Plaintiff is essentially attempting to overturn a lawful county tax sale process. The Court made the same finding in the Plaintiff's related case, 2:21-cv-348-PPS, that all the relief sought is in the nature of reversing the judgment in the tax case.

This Court cannot provide the Plaintiff relief on his tax claims because the Tax Injunction Act "forbids federal district courts to 'enjoin, suspend or restrain the assessment, levy or collection of any tax under State law,' provided that an adequate remedy is available in the state courts." *Empress Casino Joliet Corp. v. Balmoral Racing Club, Inc.*, 651 F.3d 722, 725 (7th Cir. 2011) (quoting 28 U.S.C. § 1341); *see also Hay*, 312 F.3d at 878; *Dorsey v. City of Indianapolis*, No. 1:16-CV-01435, 2016 WL 5871711, at *3 (S.D. Ind. Oct. 7, 2016); *Israel v. Martin*, No. 1:08-CV-109, 2008 WL 1994859, at *2 (N.D. Ind. May 6, 2008). In *Hay*, the Seventh Circuit

Court of Appeals determined that there is an available and sufficient remedy for Indiana taxpayers to challenge their real property tax assessments. 312 F.3d at 880–81. The Plaintiff does not argue that he lacks an adequate state remedy. Accordingly, the Tax Injunction Act divests this Court of subject matter jurisdiction over the Plaintiff's tax-related claims. *See id.* at 880; *Israel*, 2008 WL 1994859, at *2.

In addition, the *Rooker-Feldman* doctrine prohibits lower federal courts from presiding "over claims seeking review of state court judgments . . . no matter how erroneous or unconstitutional the state court judgment might be." *Remer v. Burlington Area Sch. Dist.*, 205 F.3d 990, 996 (7th Cir. 2000). To the extent the Plaintiff is asking the Court to enjoin or vacate a state court order related to the tax sale, the *Rooker-Feldman* doctrine also deprives the Court of subject matter jurisdiction. *See, e.g.*, *Dorsey*, 2016 WL 5871711, at *3 (finding that, "[i]f there is an outstanding state court order for [the plaintiff's] property to be sold at an upcoming tax sale," the court "may not enjoin that order because of the *Rooker-Feldman* doctrine").

## CONCLUSION

Based on the foregoing, the Court GRANTS Defendant Lake County Auditor's Rule 12(b)(1) Motion to Dismiss Complaint for Lack of Subject Matter Jurisdiction [ECF No. 25]; (2) Defendant Lake County Treasurer's Rule 12(b)(1) Motion to Dismiss Complaint for Lack of Subject Matter Jurisdiction [ECF No. 28]; and (3) the Motion to Dismiss for Failure to State a Claim and Lack of Subject Matter Jurisdiction [ECF No. 30]. The Court DISMISSES the Plaintiff's claims without prejudice for lack of subject matter jurisdiction.

SO ORDERED on August 15, 2022.

    s/ Theresa L. Springmann  
    JUDGE THERESA L. SPRINGMANN  
    UNITED STATES DISTRICT COURT