UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| JAMES GARNER,<br><br>        Plaintiff,<br><br>        v.<br><br>LAKE COUNTY TREASURER PEGGY KATONA, et al.,<br><br>        Defendants. | CAUSE NO.: 2:21-CV-250-TLS-APR |

**OPINION AND ORDER**

This matter is before the Court on Plaintiff's Motion to Reconsider and Vacate August 15, 2022 Order [ECF No. 43]. For the reasons set forth below, the Court denies the Plaintiff's motion.

**PROCEDURAL AND FACTUAL BACKGROUND**

The Plaintiff, proceeding without counsel, filed his Complaint [ECF No. 1] in this Court on August 12, 2021, alleging that a county tax sale and tax deed petition bench trial in the underlying state court tax deed litigation were "unreasonable" and "unjust" and that the Defendants conspired to violate his constitutional rights by and through the state court tax sale process. The Defendants filed motions to dismiss [ECF Nos. 25, 28, 30]. Because the Plaintiff's claims all arise from Indiana property tax laws, as the Plaintiff is essentially attempting to overturn a lawful county tax sale process, the Court found that it lacks subject matter jurisdiction over the Plaintiff's tax-related claims and granted the motions to dismiss. ECF No. 39. In a related case, 2:21-cv-348-PPS, the Court also found that all the relief sought by the Plaintiff was in the nature of reversing the judgment in the tax case and dismissed the case.

The Plaintiff filed the instant Motion to Reconsider [ECF No. 43] and, the same date, filed a Notice of Appeal [ECF No. 44]. The Plaintiff's Notice of Appeal will become effective when the Court issues its order on the instant Motion to Reconsider. *See* Fed. R. App. P. 4(a)(4)(B)(i).

## ANALYSIS

Although the Plaintiff has not cited a legal basis for what he has titled a "motion to reconsider," it appears that his motion is brought under either Federal Rule of Civil Procedure 59(e) or 60(b). A motion to alter or amend judgment under Rule 59(e) may be brought based on "newly discovered evidence, an intervening change in the controlling law, [or] manifest error of law." *Cosgrove v. Bartolotta*, 150 F.3d 729, 732 (7th Cir. 1998). "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (citation and quotation marks omitted). Federal Rule of Civil Procedure 60(b) allows for relief from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "A motion under Rule 60(b) is a collateral attack on the judgment and the grounds for setting aside a judgment under this rule must be something that could not have been used to obtain a reversal by means of a direct appeal." *Kiswani v. Phoenix Sec. Agency, Inc.*, 584 F.3d 741, 743 (7th Cir. 2009).

In the instant motion, the Plaintiff essentially restates his arguments in opposition to the Defendants' motions to dismiss and includes new facts that have occurred in the underlying state court actions. However, the Plaintiff has not identified any newly discovered evidence, an intervening change in the controlling law, a manifest legal error by the Court, or any other facts that would warrant reconsideration, under either Rule 59(e) or 60(b), of the Court's decision that it lacks subject matter jurisdiction over the Plaintiff's Complaint. Accordingly, the Court denies the motion.

## CONCLUSION

Based on the foregoing, the Court hereby DENIES the Plaintiff's Motion to Reconsider and Vacate August 15, 2022 Order [ECF No. 43].

SO ORDERED on December 12, 2022.

        s/ Theresa L. Springmann
        JUDGE THERESA L. SPRINGMANN
        UNITED STATES DISTRICT COURT